# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMI LEA BRINKMEYER,      )
                              )
         Plaintiff,      )
                              )
v.                           )      Case No. CIV-15-594-BMJ
                              )
CAROLYN W. COLVIN, Acting     )
Commissioner of the Social Security    )
Administration,          )
                              )
         Defendant.     )

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, Jamie Lea Brinkmeyer, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's denial of disability insurance benefits (DIB) and supplemental security income (SSI). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. The Commissioner has answered and filed the administrative record (AR), and both parties have briefed their respective positions. For the reasons stated below, the Commissioner's decision is affirmed.

## I.    <u>Procedural Background</u>

Plaintiff filed her application for DIB on December 1, 2010 and filed her application for SSI on December 2, 2010. The Social Security Administration (SSA) denied the applications initially and on reconsideration. AR 103-124. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. AR 62-74. The Appeals Council denied Plaintiff's request for review. AR 1-4. Thus, the decision of the ALJ became the final decision of the Commissioner. It is this decision which is the subject of judicial review.

## II.    **The ALJ's Decision**

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, June 28, 2010. AR 64. At step two, the ALJ determined that Plaintiff has the following severe impairments: disorders of the cervical, thoracic, and lumbar spine, discogenic and degenerative, status post lumbar fusion surgery, L5-S1 in 2004, L4-S1 in January 2011, and cervical fusion surgery, C5-7, in July 2010. AR 64-65. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 67.

The ALJ next determined Plaintiff's residual functional capacity (RFC). The ALJ found Plaintiff could perform light work with additional physical and other non-exertional limitations. AR 67.[1]

At step four, the ALJ found that Plaintiff could not perform her past relevant work as a certified nurse aide, telemarketer, customer service representative and traffic controller/flagger. AR 72. At step five, relying on the testimony of a vocational expert (VE), the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the national economy including apparel stock checker, small parts assembler and motel cleaner. AR 73-74. The ALJ

---

[1] The ALJ included the following limitations in the RFC: "claimant can: occasionally climb, balance, stoop, kneel, crouch and crawl; and due to effects of pain, symptomatology, and medication side-effects, understand, remember, and carry out simple, routine, repetitive instructions, make only simple work related decisions, deal with only occasional changes in work processes and environment, and cannot perform any fast pace, production pace, or assembly line pace type work." AR 67.

concluded, therefore, that Plaintiff was not disabled for purposes of the Social Security Act.  AR 74.

### III.     Plaintiff's Claim

Plaintiff brings a single claim for judicial review.  She contends the ALJ did not evaluate her credibility under the proper standards and the ALJ's determination on credibility is not supported by substantial evidence.  She further contends that the "natural consequence of [the] ALJ's improper credibility determination is an invalid RFC."  *See* Social Security Opening Brief [Doc. No. 18] (Pl.'s Brf.) at p. 11.[2]

### IV.     Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted).  A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004).  The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).  While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not

---

[2] Page citations to the parties' submissions reference the Court's Electronic Case Filing (ECF) pagination.

reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## V.    Analysis

### A.    The ALJ's Credibility Determination is Proper and Plaintiff has Failed to Demonstrate Grounds Warranting Reversal of the Commissioner's Decision

#### 1.    The Parties' Contentions

Plaintiff concedes that the ALJ set forth the proper standards for determining credibility and that the ALJ summarized Plaintiff's testimony and addressed entries from Plaintiff's medical records. *See* Pl.'s Brf. at p. 11. Plaintiff further expressly identifies the conclusions reached by the ALJ to support the adverse credibility determination. Specifically, the ALJ concluded that Plaintiff's medical treatment had been routine and/or conservative and her daily activities were not as limiting as one would expect given the severity of Plaintiff's subjective complaints. *See id.* (*citing* AR 71). Plaintiff contends, however, that the ALJ "failed to offer any explanation on how he applied the correct standards to both [Plaintiff's] statements and the medical evidence." *See id.* And, Plaintiff faults the ALJ for using "simple boilerplate statements, lacking in specific relationship to [Plaintiff's] case." *Id.* (*citing* AR 69, 71). But Plaintiff cites no evidence that she contends the ALJ failed to address and/or improperly addressed. Thus, Plaintiff largely fails to develop her credibility challenge. Plaintiff further contends that based on the alleged erroneous credibility determination, the ALJ's RFC determination is necessarily flawed. But in similar fashion, Plaintiff fails to further development this argument.[3]

---

[3] *See, e.g. Wall*, 561 F.3d at 1066 (discussing fact that perfunctory treatment of issues raised by claimant's counsel before the district court deprived court of meaningful opportunity to analyze and rule on the issues).

In response, the Commissioner contends that the RFC determination demonstrates that the ALJ included limitations which "reflect a reasonable assessment of Plaintiff's continued ability to work based on the objective medical evidence." *See* Brief in Support of the Commissioner's Decision [Doc. No. 24] (Def.'s Brf.) at p. 7.[4] The Commissioner also takes issue with Plaintiff's claim that the ALJ used only boilerplate language in support of the credibility determination. *See id*. at pp. 8-10. To the contrary, the Commissioner cites multiple findings of the ALJ that support the credibility determination. *Id*. at pp. 9-10.

## 2. Standards Governing the ALJ's Credibility Determination

Credibility determinations by the trier of fact are given great deference. As the Tenth Circuit has acknowledged:

> The ALJ enjoys an institutional advantage in making [credibility determinations].
> Not only does an ALJ see far more social security cases than do appellate judges,
> [the ALJ] is uniquely able to observe the demeanor and gauge the physical
> abilities of the claimant in a direct and unmediated fashion.

*White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002). An ALJ's assessment of a claimant's credibility will "not be upset if supported by substantial evidence." *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001). When making a credibility determination, the ALJ must give specific reasons that are closely linked to substantial evidence. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). On judicial review, "common sense, not technical perfection" governs whether the ALJ complied with this requirement. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

---

[4] The ALJ included a number of exertional and nonexertional limitations in the RFC based on both physical and mental impairments. *See* supra n. 1. Plaintiff fails to specifically challenge any of these findings nor does she identify any additional limitations that she contends the ALJ should have included in the RFC.

### 3. The ALJ's Credibility Findings

Contrary to Plaintiff's claim that the ALJ's credibility findings are nothing but boilerplate recitations, a review of the ALJ's decision demonstrates the credibility determination is sufficiently linked to and supported by substantial evidence. The ALJ thoroughly discussed the medical evidence as to both Plaintiff's physical and mental impairments. AR 65-66, 68-72. The ALJ also thoroughly addressed Plaintiff's own statements, including her testimony, with respect to Plaintiff's alleged limitations from her symptoms. AR 68-72.

The ALJ addressed appropriate factors to support his adverse credibility determination including: the treatment received by Plaintiff (or lack thereof); effects of Plaintiff's non-compliance with taking medication; her daily activities; the location, duration, frequency and intensity of her pain and other symptoms; and the lack of medical evidence to support functional limitations beyond those included in the RFC. AR 65-66, 67-72.[5] The cited findings upon which Plaintiff bases her claim of error – i.e., a conservative course of medical treatment and the nature and extent of Plaintiff's daily activities – follow the ALJ's lengthy discussion of the evidence. Thus, read in proper context, the ALJ's credibility determination is not "a single unhelpful sentence," or otherwise boilerplate or conclusory, but sets forth an assessment spanning nearly six pages of specific evidence relied upon. Significantly, Plaintiff does not contend that the ALJ misstated any of that evidence.

---

[5] *See, e.g., Branum*, 385 F.3d at 1273-74 (identifying various factors relevant to assessing credibility including: "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence") (quotation omitted).

In challenging the ALJ's credibility finding, Plaintiff attempts to frame her argument to fit the contours of *McFerran v. Astrue*, 437 F. App'x 634, 637 (10th Cir. 2011), an unpublished decision she relies upon as support for her claim. In *McFerran*, the Tenth Circuit found reversible error observing that the ALJ's decision "sets forth the criteria for evaluating allegations of symptoms and credibility, summarizes the portions of [the claimant's] testimony, and restates entries in the medical record. But it provides no explanation of how the ALJ applied the criteria to the testimony and the medical records." *Id*. at 637. Plaintiff's argument tracks nearly verbatim these observations. *See* Pl.'s Brf. at p. 11, 12.

However, unlike the present case where the ALJ gave specific reasons to support his credibility determination, in *McFerran*, the ALJ's "singularly unhelpful sentence" stated: "'[T]he claimant's statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment.'" *Id*. at 637 (*citing* administrative record). Moreover, in *McFerran*, other defects accompanied the ALJ's "inherently intertwined" credibility and RFC determination. The ALJ failed to include any work-related limitations resulting from the claimant's non-severe mood disorder and chronic pain, or provide reasons for not including such limitations. *Id*. Here, conversely, the ALJ included many exertional and non-exertional limitations in the RFC related to physical and mental impairments. *See* supra n. 1. For these reasons, the Court finds *McFerran* is distinguishable and not persuasive to the determination of Plaintiff's claim of error.

A review of the record demonstrates that the ALJ properly relied on Plaintiff's daily activities as inconsistent with the level of her alleged pain-related and other symptoms in making a credibility assessment. *See Newbold v. Colvin*, 718 F.3d 1257, 1267 (10th Cir. 2013). Moreover, the ALJ thoroughly discussed the weight given to the medical opinions – findings

Plaintiff does not challenge here. AR 67, 72. Those medical opinions support the ALJ's credibility analysis and RFC determination.

In sum, the reasoning of the ALJ in support of his credibility determination is adequately set forth. Under these circumstances, the ALJ was not required to "make a formalistic factor-by-factor recitation of the evidence. *Keyes-Zachary*, 695 F.3d at 1167. And Plaintiff's "boilerplate" challenge necessarily fails as "boilerplate is problematic only when it appears 'in the absence of a more thorough analysis.'" *Id.* at 1170 (citation omitted); *see also Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) ("So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility," the requirement that an ALJ link his credibility findings to the evidence is "satisfied.").

This Court cannot reweigh the evidence or substitute its judgment for that of the ALJ and without further development, Plaintiff presents no meaningful credibility challenge for judicial review. Because "substantial evidence supports the ALJ's credibility determination and the correct legal standards were applied," *Newbold*, 718 F.3d at 1268, Plaintiff's claim of error is rejected.

**B.     Plaintiff's RFC Challenge Fails to the Extent it is Dependent on the Credibility Challenge and Otherwise is Insufficiently Developed**

The Court does not further address Plaintiff's challenge to the ALJ's RFC determination. Plaintiff raises that challenge as one dependent on the Court first finding the ALJ's credibility

determination warrants reversal.  *See* Pl.'s Brf. at pp. 12-13.  The Court finds no error with the ALJ's credibility findings, and Plaintiff has not otherwise developed a challenge to the ALJ's RFC determination.

The decision of the Commissioner is AFFIRMED.

ENTERED this 3rd day of June, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE